United States District Court
Southern District of Texas
**ENTERED**
February 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GILBANE BUILDING COMPANY, INC., § § Plaintiff, § § v. § § SWISS RE CORPORATE SOLUTIONS § ELITE INSURANCE COMPANY d/b/a § NORTH AMERICAN ELITE INSURANCE § COMPANY and EVEREST NATIONAL § INSURANCE COMPANY, § § Defendants. § | CIVIL ACTION NO. H-22-2369 |

## MEMORANDUM OPINION AND ORDER

Gilbane Building Company, Inc. ("Plaintiff") brought this action against Swiss Re Corporate Solutions Elite Insurance Company d/b/a North American Elite Insurance Company and Everest National Insurance Company ("Defendants").[1] The parties dispute Defendants' insurance obligation for storm damage to Plaintiff's building project.[2] Pending before the court is Defendants' Verified Motion to Preclude Attorney's Fees ("Defendants' Motion to Preclude") (Docket Entry No. 12). For reasons stated below, Defendants' Motion to Preclude will be granted.

---

[1]Plaintiff Gilbane Building Company, Inc.'s Original Complaint ("Complaint"), Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Plaintiff Gilbane Building Company a/k/a Gilbane Building Company, Inc.'s Second Amended Complaint ("Second Amended Complaint"), Docket Entry No. 26, pp. 6-7 ¶¶ 44-45.

## I. Factual and Procedural Background

In July of 2018 Plaintiff was hired to construct an office building in downtown Houston.[3] Plaintiff "purchased a builder's risk insurance policy" ("the Policy") from Defendants.[4] The Policy included a $50,000 deductible for damage from a "windstorm."[5] But if the loss was due to a "named storm," a higher deductible applied of 2% of the property's insured value.[6] On September 22, 2020, a storm hit Houston and allegedly damaged the building project.[7] Plaintiff first submitted notice of its claim to Defendants' adjuster on September 28, 2020.[8] Plaintiffs submitted a cost summary on July 19, 2021, listing its damages and costs and totaling them at $906,220.[9] On December 28, 2021, Defendants' adjuster informed Plaintiff that it would apply the "named storm" deductible to Plaintiff's claim.[10] The parties then exchanged a series of letters disputing whether the "named storm" deductible

---

[3] Id. at 2 ¶ 9.

[4] Id. ¶ 10.

[5] Id. at 3 ¶ 16.

[6] Id.

[7] Id. at 4 ¶ 22.

[8] Id. at 5 ¶ 33.

[9] Id. ¶ 36; 9/22/2020 Water Damage Builder's Risk Claim Cost Summary, Exhibit 1 to Plaintiff's Response, Docket Entry No. 17-1, p. 2.

[10] Second Amended Complaint, Docket Entry No. 26, p. 6 ¶ 42.

applied to this loss.[11] Plaintiff filed this action against Defendants on July 15, 2022, seeking the claimed loss of $906,220 minus the $50,000 "windstorm" deductible for a net claim of $856,220.[12] Defendants filed their answers on August 22, 2022, pleading that Plaintiff had failed to send them required presuit notice.[13] Defendants filed their Motion to Preclude Attorney's Fees on September 16, 2022; Plaintiff responded; and Defendants replied.[14]

## II. Legal Standard

Texas Insurance Code § 542A.003(a) requires a covered insurance claimant to give presuit notice to an insurer.[15] Per § 542A.003(b) this notice must include "(1) a statement of the acts

---

[11]Adjuster Correspondence, Exhibit A to Defendants' Motion to Preclude, Docket Entry No. 12-1, p. 2; Counsel Correspondence, Exhibit 2 to Defendants' Motion to Preclude, Docket Entry No. 12-2, p. 2; Adjuster Correspondence, Exhibit 3 to Plaintiff's Verified Opposition to Defendant Insurers' Verified Motion to Preclude Attorney's Fees ("Plaintiff's Response"), Docket Entry No. 17-3, p. 2; Counsel Correspondence, Exhibit 4 to Plaintiff's Response, Docket Entry No. 17-4, p. 2.

[12]Complaint, Docket Entry No. 1, p. 7 ¶ 50; Plaintiff's Response, Docket Entry No. 17, p. 6 n.17.

[13]Defendant Everest National Insurance Company's Original Answer and Affirmative Defenses ("Everest's Answer"), Docket Entry No. 10, p. 12; Defendant Swiss Re Corporate Solutions Elite Insurance Corporation's Original Answer and Affirmative Defenses ("Swiss's Answer") Docket Entry No. 11, p. 12.

[14]Defendants' Motion to Preclude, Docket Entry No. 12; Plaintiff's Response, Docket Entry No. 17; Defendants' Reply In Support of Their Verified Motion to Preclude Attorney's Fees ("Defendants' Reply"), Docket Entry No. 19.

[15]Plaintiff does not dispute that Tex. Ins. Code §§ 542A.003 and 542A.007(b)(2) apply to their claims.

or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant." Upon timely motion by the defendant, "[t]he court shall abate the action if the court finds that the [defendant] . . . did not, for any reason, receive a presuit notice complying with Section 542A.003." Id. § 542A.005(b)(1). In addition, § 542A.007(d) allows the defendant to seek preclusion of attorney's fees if it timely pleads and proves that it was entitled to but did not receive a presuit notice "stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)."[16]

### III. Analysis

Defendants timely pled that they were entitled to presuit notice and that it did not receive it. The question is whether Defendants have proved that none of Plaintiff's communications were

---

[16] Defendants argue that § 542A.007(d) also implicitly requires preclusion of attorney's fees where presuit notice lacked other information listed in § 542A.003. A few courts appear to endorse Defendants' argument, but others have stated that attorney fee preclusion is only available where there is no notice stating the § 542A.007(d) sum. Compare Jordan Industries, LLC v. Travelers Indemnity Co. of America, Civil Action No. 7:21-cv-00114-O, 2022 WL 2719630, at *5 (N.D. Tex. Apr. 12, 2022) with Mount Canaan Missionary Baptist Church v. Westchester Surplus Lines Insurance Co., Civil Action No. 4:19-CV-00660, 2019 WL 13114309, at *4 (S.D. Tex. Aug. 13, 2019) ("[O]nly compliance with Section 542A.003(b)(2)'s presuit notice of the specific amount alleged by the claimant is required under Section 542A.007(d) in order for the claimant to remain eligible for attorney's fees."). The court need not resolve this issue since Plaintiff's presuit notices did not comply with § 542A.003(b)(2).

-4-

adequate presuit notice under § 542A.007(d). That section requires a "presuit notice stating the specific amount alleged to be owed by the insurer" "on the claim for damage to or loss of covered property." Tex. Ins. Code §§ 542A.007(d), 542A.003(b)(2). Plaintiff attaches a series of communications with Defendants. The first is titled "9/22/2020 Water Damage Builder's Risk Claim Cost Summary," dated July 19, 2021.[17] It is a one-page spreadsheet adding up the damages and associated costs claimed by Plaintiff. It is undisputed that this document was submitted as part of the claim adjustment process, before Defendants had made any coverage decision. At least one court has held that a pre-decision cost estimate cannot serve as presuit notice since an insured's legal claim generally arises when coverage is denied. Tadeo as Trustee of John E. Milbauer Trust v. Great Northern Insurance Co., Civil Action No. 3:20-CV-00147-G, 2020 WL 4284710, at *9 (N.D. Tex. July 27, 2020). The document also fails because it communicates Plaintiff's total costs instead of the amount allegedly owed, which Plaintiff concedes is a different number. This cannot satisfy § 542A.003(b)(2), which expressly requires presuit notice to state "the specific amount alleged to be owed" (emphasis added). The remaining communications are letters back and forth debating which deductible should apply. None of these letters state any damage total or amount owed and therefore cannot satisfy § 542A.003(b)(2). Plaintiff argues that "Defendants could easily calculate the amount

---

[17] 9/22/2020 Water Damage Builder's Risk Claim Cost Summary, Exhibit 1 to Plaintiff's Response, Docket Entry No. 17-1, p. 2.

-5-

by reducing [Plaintiff]'s July 19, 2021 claim submission of $906,220 by the $50,000 WINDSTORM deductible that [Plaintiff] has since maintained should apply."[18] It may be that the parties' substantive dispute was clear before Plaintiff filed this action. But § 542A.007(d) does not have an exception for when the claimed amount is unstated but easily calculable.

Because Plaintiff never provided Defendants with a presuit notice stating "the specific amount alleged to be owed," the court "may not award to [Plaintiff] any attorney's fees." Tex. Ins. Code § 542A.007(d). Defendants' Motion to Preclude Attorney's Fees will therefore be granted. This applies to attorney's fees incurred in this action, starting on the date Defendants filed their answers, August 22, 2022. Id.; Jordan Industries, LLC, 2022 WL 2719630, at *6.

## IV. Conclusion and Order

Plaintiff failed to provide Defendants with a presuit notice stating the specific amount alleged to be owed. Defendants' Verified Motion to Preclude Attorney's Fees (Docket Entry No. 12) is therefore **GRANTED**. Plaintiff will not be awarded attorney's fees incurred in this action starting on August 22, 2022.

**SIGNED** at Houston, Texas, on this 15th day of February, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[18]Plaintiff's Response, Docket Entry No. 17, p. 6 n.17.